Gabrielli, J.
(dissenting). I respectfully dissent. On this appeal we are called upon to interpret a lease provision *960 establishing a base year for purposes of applying a tax escalation clause. The parties entered into a 20-year lease of floors two through seven in a downtown Manhattan office building which was under construction at the time the lease was executed. The lease contained detailed specifications for the floors to be leased, and provided, inter alia, that the second floor of the building was to contain a cafeteria and office space with a total permitted occupancy of at least 192 persons. Although the lease was to take effect on January 1, 1972, the lessee was unable to occupy the building on that date because the landlord had not yet completed the work required by the lease. In fact, the tenant was not able to enter the building until April of 1972. Nonetheless, in December of 1971, the landlord obtained a temporary certificate of occupancy authorizing use of the building. Unfortunately, the certificate provided for occupancy of the second floor by a maximum of 128 people, instead of the 192 required by the lease. This admitted error on the landlord’s part was not corrected until late 1972.
The present dispute centers around a lease provision stating that a tax escalation clause in the lease is to be measured by the year in which the landlord first obtained a temporary or permanent certificate of occupancy which "permits Tenant to enter into occupancy of the demised premises.” The landlord contends that this condition was met when it obtained the temporary certificate of occupancy in 1971, even though that certificate did not permit occupancy at the level set in the lease; the lessee, on the other hand, argues that the lease provision should be interpreted as fixing 1972 as the base year since that was the year in which the landlord first obtained a certificate of occupancy which allowed the tenant to occupy the building in accord with the terms of the lease.
Contrary to a majority of this court, I would interpret this provision as triggering the escalation clause only upon issuance of a certificate of occupancy allowing the tenant to occupy the premises in accord with the lease provisions. Had the parties desired to set the base year by issuance of any certificate of occupancy for the building, there would have been no need to add the qualifying phrase that the certificate must be one which "permits Tenant to enter into occupancy of the demised premises”. Under the interpretation given this clause by a majority of this court, I assume this condition would have been met had the landlord obtained a certificate allowing occupancy by as little as one person, despite the fact *961 that such occupancy would of course have been of no use to the tenant and certainly would not have fulfilled the requirements of the lease. Such a result would make little sense.
Minimally, it is certainly more reasonable to conclude that the parties intended to measure the tax escalation clause by the year in which the building was first legally habitable by the tenant in accordance with the lease. That year, of course, was 1972, the year in which the landlord finally obtained a certificate authorizing occupancy at the level mandated by the lease. I note, moreover, that this was also the first year in which the building actually was ready for occupancy by the tenant.
Accordingly, I vote to reinstate the judgment of Supreme Court, New York County, declaring that the escalation clause in question became fully operative in 1972.
Chief Judge Cooke and Judges Jones, Wachtler, Fuchs-berg and Meyer concur in memorandum; Judge Gabrielli dissents and votes to reverse in a separate opinion in which Judge Jasen concurs.
Order affirmed.